IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                            Plaintiff,                      ORDER

         v.

                                                 12-cr-79-wmc-1

ERIC D. CARTER,

                            Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

        A hearing on the probation office's petition for judicial review of Eric D. Carter's supervised release was held on October 31, 2012, before U. S. District Judge William M. Conley. The government appeared by Assistant U.S. Attorney Rita M. Rumbelow. Defendant was present in person and by Assistant Federal Defender Kelly A. Welsh. Also present was U.S. Probation Officer Michael J. Nolan.

        From the record I make the following findings of fact.

FACTS

        Defendant was sentenced in the Northern District of Illinois on September 11, 2009, following his conviction for bank robbery in violation of 18 U.S.C. § 2113(a). This offense is a Class C felony. Defendant was committed to the custody of the Bureau of Prisons to serve a term of imprisonment of 36 months, with a three-year term of supervised release to follow. On December 2, 2011, defendant began his initial term of supervised release. On February 27, 2012, defendant's supervised release was revoked for violations, including new

drug convictions, association with a felon, drug use, and failing to appear for drug testing and treatment. He was sentenced to a four-month term of imprisonment with a 28-month term of supervised release to follow.

On June 15, 2012, defendant began his second term of supervised release. On July 5, 2012, jurisdiction was transferred to the Western District of Wisconsin. By that date, the defendant had again violated: the Mandatory Condition which prohibits him from committing another federal, state or local crime; Standard Condition No. 11, which requires that he notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer; and Standard Condition No. 9, which prohibits him from associating with any persons engaged in criminal activity or a convicted felon. Specifically, on July 2, 2012, the defendant and convicted felon Marcus T. Freeman were arrested by Beloit, Wisconsin, police and charged with falsely presenting a non-controlled substance as crack cocaine. The defendant also failed to report this police contact to his probation officer as required. On October 10, 2012, he was convicted of four counts of manufacture falsely-present drug as a non-drug, a Class U misdemeanor, in violation of Wisconsin State Statute 961.41(4)(bm) (Rock County Circuit Court Case No. 2012CF001535).

Defendant also violated Standard Condition No. 2, which requires that he report to the probation officer in a manner and frequency directed by the court or probation officer, when on June 29, 2012, he failed to report to the probation office as instructed.

Defendant's conduct falls into the category of Grade C violations. In addressing such violations, Section 7B1.3(a)(2) of the advisory guidelines provides that the court has the discretion to revoke supervised release, extend it or modify the conditions of release.

## CONCLUSIONS

Defendant's violations warrant revocation. Accordingly, the 28-month term of supervised release imposed on defendant on February 27, 2012, will be revoked.

Defendant's criminal history category is IV. With Grade C violations, he has an advisory guideline term of imprisonment range of 6 to 12 months. Under 18 U.S.C. § 3583(e)(3), the statutory maximum to which defendant can be sentenced upon revocation is two years because this is a Class C felony.

After reviewing the non-binding policy statements of Chapter 7 of the Sentencing Guidelines, I have selected a sentence at the top of the advisory guideline range. The intent of this sentence is to hold defendant accountable for his violations, protect the community and provide general and specific deterrence.

## ORDER

IT IS ORDERED that the period of supervised release imposed on Eric D. Carter on February 27, 2012, is REVOKED and defendant is committed to the custody of the Bureau of Prisons for a term of 12 months. No term of supervised release shall follow.

Defendant does not have the financial means or earning capacity to pay the cost of his incarceration.

Entered this 31st day of October, 2012.

BY THE COURT:
/s/
WILLIAM M. CONLEY
U.S. District Judge